ROGERS, Justice.
 

 O. P. H. Gugel, Alexander E. Rainold, and Gustaf R. Westfeldt were charged with contempt of this Court in separate rules filed by the plaintiffs in this suit. Respondent Gugel was not represented by counsel and did not file any written return to the rule taken against him. The other respondents, Rainold and Westfeldt, were represented
 
 *174
 
 by counsel and each made a written return to the rule taken against him.
 

 After the close of the hearing and the arguments on all the rules for contempt, and after the respondents Gugel and Rainold had made statements in their own behalf in open Court, the Chief Justice, speaking for the court, announced that the three respondents herein were exonerated from the charge of contempt and the proceedings against them were ordered dismissed. The ruling of the Court is duly recorded in its minutes of December 9, 1941.
 

 The law requires us to hand down a written opinion in every case in which a definitive judgment is rendered. Const.1921, §§ 1 and 6 of Art. 7. In compliance with the constitutional requirement, we are supplementing, by written reasons, the oral reasons assigned at the time we dismissed the contempt proceedings against these respondents.
 

 The charge against O. P. H. Gugel was that at a meeting of the Twelfth Ward Women’s Independent Democratic Association, an affiliate of the political faction sponsoring the reorganization amendment, held at his home on July 17, 1941, a resolution was adopted containing certain threatening statements directed against the five Justices who had participated in the majority opinion holding the amendment unconstitutional, with the intent of inflaming the minds of the public against them and to intimidate them in the performance of their judicial functions. The adoption of the resolution and its contents were given publicity in the issue of the New Orleans Item appearing on July 18, 1941.
 

 Respondent Gugel, as we have said, appeared personally before the Court and orally stated that the resolution referred to in the rule for contempt and the attached issue of the New Orleans Item was not passed at the meeting held at his home, but was adopted at a meeting held by the Seventh Ward organization of the political faction sponsoring the reorganization amendment. He declared that he was not present at that meeting and that he had no connection whatever with the preparing or passing of the objectionable resolution. He further declared that he had never committed any act showing disrespect of this Court or any of its members, or that could be construed as an interference with the Court in its administration of justice. His statement was borne out by an inspection of the newspaper article purporting to cover the meeting held at his home. The article shows on its face that the resolution to which the Court’s attention,was directed by the rule for contempt was adopted at a meeting held in the Seventh Ward by the Democratic political faction of that ward sponsoring the reorganization, amendment.
 

 In these circumstances, acting upon the suggestion of this Court, counsel for the plaintiffs in rule abandoned the contempt proceeding against respondent Gugel and this Court ordered his discharge therefrom.
 

 The charge of contempt made against Alexander E. Rainold was predicated upon speeches which it is alleged he made at meetings of the Third Ward and Fourteenth Ward Democratic organizations of the political faction sponsoring the reorganiza
 
 *176
 
 tion amendment. These meetings were held
 
 on July
 
 8, 1941, and what purports to be extracts from respondent’s speech made at each meeting was published in the issues of the New Orleans Item and the New Orleans States appearing on July 9, 1941. The New Orleans States, in its article, declared that:
 

 “State Representative Alexander E. Rain-old of the 14th Ward, principal speaker, urged the calling of a constitutional convention to ‘freeze these reforms into our law,’ and ‘not let good government relax.’
 

 “ ‘We of the Legislature have no apology whatsoever to
 
 make
 
 for the program of reform that we put through last year,’ he said, adding that ‘technical decisions’ had laid the reform program low.”
 

 The article appearing in the New Orleans Item was substantially to the same effect.
 

 The respondent Rainold, who is a respected member of the Bar and also a member of the Legislature of Louisiana, asked and received permission to make an oral statement in open Court. He stated that he had been correctly but not fully quoted in the newspaper articles; that the remaining portion of his speeches conclusively discloses that he had no intention of reflecting upon the Court or any of its members, or to show the Court or its members any disrespect. Respondent announced that he had no complaint to offer against the decision of the Court holding the reorganization amendment unconstitutional since, in his opinion, that decision was correct. Respondent stated that by his speeches he merely meant to convey the idea that a constitutional convention should be called for the purpose of adopting in a legal manner what he considered to be a sound program of reform. u
 

 In view of respondent’s explanation and statement, the Court ordered that the rule for contempt against him should be discharged.
 

 We might say in passing that the Court contemplates with some satisfaction the disavowal by respondent who, as we have said, is a respected member of the Bar, of any participation in the unwarranted attack made by the press and certain individuals upon the members of this Court who subscribed to the opinion and decree rendered on the reorganization amendment.
 

 .Gustaf R. Westfeldt was charged with contempt of this Court based upon a statement allegedly made by him in a political address delivered on the night of July
 
 7,
 
 1941, at a meeting of the Tenth Ward Democratic organization of the political faction sponsoring the reorganization amendment.
 

 The New Orleans Item, in its issue of July 8, 1941,
 
 in
 
 reporting the meeting stated that:
 

 “Gustaf Westfeldt, New Orleans business executive who also spoke at the meeting called for a ‘clearing out’ of the Supreme Court and the city administration of New Orleans, declaring that the old Long regime remnants were engaged in a determined effort to obstruct reforms initiated under Governor Jones.
 

 “Ott said that a constitutional convention was the best way to ‘rectify action’ of the supreme court in calling the reorganization unconstitutional and said he didn’t believe
 
 *178
 
 the supreme court judges could be reelected.”
 

 J. Howard Jacobs, a reporter of the Times-Picayune, which is a morning newspaper, testified that he had covered the meeting and made notes of what the •speakers said, but did'not take down their remarks verbatim. He testified that he felt reasonably certain that in his news article he had correctly quoted respondent Westfeldt.
 

 Ralph O’Leary, a reporter for the New Orleans Item, which is an evening newspaper, testified that he did not attend the meeting in question, but that the day following the meeting State Senator Lionel G. Ott handed him a written statement of what had occurred at the meeting and that from this statement the news article was prepared. Senator Ott testified that he had no recollection of bringing to the Item ■office a written statement covering the proceedings of the meeting. But he would neither admit nor deny the truth of the testimony given by Mr. O’Leary. Senator Ott further stated that he did not hear the speech made by respondent Westfeldt, being otherwise engaged at the time.
 

 The respondent Westfeldt testified that he had been misquoted in the newspaper article. He denied that he had made the statement attributed to him. He testified that in making his speech he had no intention of reflecting upon this Court or any of its members, or of interfering with them in the performance of their official duties. He stated that at the time he made the speech he was not apprised of the fact that the decision of the Court on the reorganization amendment was pending on rehearing, and he apologized to the Court for having commented upon the case under the circumstances. Respondent, who had formerly practiced law said he was under the impression that even though a joint resolution proposing a constitutional amendment had not been adopted by the Legislature according to the provisions of the Constitution, it nevertheless became a part of the Constitution if a majority of the electors voted in favor of it. For that reason he was not in agreement with the decision on the reorganization amendment but he had no idea of saying, and he did not say, that the Supreme Court should be “cleaned out.” Respondent declared his remarks were intended to impress upon his hearers that notwithstanding the decision of the Court, the reforms initiated by Governor Jones were for the benefit of the people generally and were worthy of their loyal support. Respondent disclaimed any intention of either threatening the members of the Court or interfering with them in their consideration of a pending case.
 

 Respondent Westfeldt, as a witness in his own behalf, made a most favorable impression upon the members of the Court, and in view of the lack of affirmative evidence to show that he had made the statements attributed to him in the newspaper article and his denial that he had made the statements, and his declaration that he had in no manner intended to insult the members of this Court or to obstruct them in the administration of justice, the rule for contempt against him was also discharged.
 

 For convenience, we repeat the decree handed down by this Court in discharging
 
 *180
 
 the rule for contempt against these respondents.
 

 For the reasons, orally assigned, supplemented by the foregoing reasons, it is ordered by the Court that the-'rules for contempt filed against O. P. H. Gugel, Alexander E. Rainold, and Gustaf R. Westfeldt be dismissed and these respondents are exonerated from the charge that they are in contempt of this Court.